# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

June 24, 2026

Phil Telfeyan
EQUAL JUSTICE UNDER LAW
Suite 602
400 7th Street, N.W.
Washington, DC  20004

     RE:  25-1206  Camese Bedford, et al v. MO Dept of Social Services, Family Support Div., et al

Dear Counsel:

     The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

     Susan E. Bindler
     Clerk of Court

JES

Enclosure(s)

cc:    Clerk, U.S. District Court, Eastern District of Missouri
     Emily Ann Dodge
     Stephanie Michelle Lummus
     Lily Milwit
     J. Patrick Sullivan

     District Court/Agency Case Number(s):  4:19-cv-00398-RWS

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

June 24, 2026

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

   RE:  25-1206  Camese Bedford, et al v. MO Dept of Social Services, Family Support Div., et al

Dear Sir or Madam:

   A published opinion was filed today in the above case.

   Counsel who presented argument on behalf of the appellant was Phil Telfeyan, of Washington, DC. The following attorney(s) also appeared on the appellant brief;  Lily Milwit, of Washington, DC.

   Counsel who presented argument on behalf of the appellee and appeared on the brief was Kevin Mark Smith, AAG, of Kansas City, MO.

   The judge who heard the case in the district court was Honorable Rodney W. Sippel.

   If you have any questions concerning this case, please call this office.

                                        Susan E. Bindler
                                        Clerk of Court

JES

Enclosure(s)

cc:  MO Lawyers Weekly


   District Court/Agency Case Number(s):   4:19-cv-00398-RWS

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1206

_____

Camese Bedford, on behalf of themselves and others similarly situated; Ashley Gildehaus; Lisa Mancini

*Plaintiffs - Appellants*

v.

Missouri Department of Social Services, Family Support Division; Jessica Bax; Trish Vincent; Amanda Adams; Ken Struemph

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 20, 2025
Filed: June 24, 2026

_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Nathan Wright,[1] Camese Bedford, Ashley Gildehaus, and Lisa Mancini (collectively, Plaintiffs) sued the Missouri Department of Social Services (DSS)

---

[1]The district court granted the plaintiffs' motion to voluntarily dismiss Mr. Wright, so he is no longer a party to this case.

Family Support Division (FSD), several individual defendants representing DSS, FSD, the Missouri Department of Revenue, and the Missouri Motor Vehicle and Driver Licensing Division, as well as Governor Michael Parson (collectively, Defendants).  They allege that FSD's policy of suspending driver's licenses of non-custodial parents for nonpayment of child support without considering ability to pay violated the Fourteenth Amendment's Due Process and Equal Protection Clauses and the fundamental right to travel.  They seek declaratory and injunctive relief and reinstatement of their driver's licenses.  The district court[2] denied Plaintiffs' interim motion for a preliminary injunction and dismissed the complaint for lack of subject matter jurisdiction.  Plaintiffs appeal both the denial of their preliminary injunction motion[3] and the dismissal of the complaint.  Having jurisdiction under 28 U.S.C. § 1291, we dismiss Plaintiffs' appeal of the district court's order denying their interim motion for a preliminary injunction and affirm the district court's dismissal of the complaint.

I.

The Missouri DSS FSD is responsible for enforcing child support orders. Since 1997, the Missouri legislature has empowered FSD to issue notices of intent to suspend non-custodial parents' driver's licenses when an individual (1) is not making child support payments in compliance with a child support order and (2) owes greater than or equal to three months of support payments or $2,500, whichever is less.  See Mo. Rev. Stat. § 454.1003.1(1) (2014).  Notices of these proposed suspensions must state that the obligor's license will be suspended sixty days after service of the notice unless the obligor: "(1) Pays the entire arrearage stated in the notice; (2) Enters into and complies with a payment plan approved by the court or

---

[2]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

[3]Plaintiffs have since conceded that this preliminary injunction motion is moot; they have abandoned their claims of error regarding the district court's denial of this motion.  See Oral Arg. at 34:21-50.

-2-

the division; or (3) Requests a hearing before the court or the director."  Id. at § 454.1003.3.  "If an obligor fails to respond, without good cause, to a notice of intent to suspend a license or to timely request a hearing or comply with a payment plan . . . the court or [FSD] director may enter an order suspending the obligor's driver's license."  Mo. Rev. Stat. § 454.1005.2 (1997).

At an obligor's request, the court or FSD director must schedule a hearing to determine if suspension of the obligor's driver's license is appropriate.  Id. at § 454.1005.3.  Until August 2023, if an obligor's license was suspended for arrearage, the only issues an adjudicator could determine in a hearing were: (1) the identity of the obligor, (2) whether the arrearage was greater than or equal to three months of support payments or $2,500, whichever is less, and (3) whether the obligor had entered a payment plan.  Id. at § 454.1005.4.  However, in August 2023, the Missouri legislature amended the statute to require that the court or FSD director now also consider whether the obligor had the ability to make the payments that are in arrears and whether the obligor could currently make the payments, among other things.  Mo. Rev. Stat. § 454.1005.4 (2023).  Moreover, FSD issued a regulation implementing this statute.  This regulation creates new processes for administrative hearings after FSD issues a notice of intent to suspend an individual's driver's license.  See Mo. Code Regs. Ann. tit. 13, § 40-100.020(6) (2024).

Plaintiffs are non-custodial parents who each owed over $2,500 in child support and whose driver's licenses were suspended due to unpaid child support obligations.  FSD suspended Bedford's driver's license in 2017 and Gildehaus's and Mancini's driver's licenses in 2018.  However, Gildehaus's and Bedford's driver's license suspensions have been stayed since 2020, and Mancini now has a fully restored license.  As Plaintiffs' driver's licenses were suspended before the Missouri legislature amended the statute in 2023, they did not have an opportunity to contest their suspensions based on an inability to pay their required child support obligations.

-3-

In 2019, Plaintiffs filed this lawsuit as a putative class action[4] against Defendants, alleging that FSD's practice of suspending driver's licenses violates (1) the Fourteenth Amendment's Equal Protection Clause, (2) the fundamental right to travel, and (3) the Fourteenth Amendment's Due Process Clause because it does not consider whether nonpayment was willful, nor does it provide notice to obligors facing suspension that they may raise inability to pay as a defense.

Aside from a preliminary injunction, Plaintiffs sought the following forms of relief in the complaint:

a.  A declaratory judgment that Defendants' policies, practices, acts, and/or omissions as described herein are unlawful and violate Plaintiffs' and Class Members' rights under the Constitution and laws of the United States;

b. A declaratory judgment that any and all Missouri statutory provisions that authorize driver's license suspensions for unpaid child support but prohibit or do not guarantee consideration of ability to pay—including MO Rev. Stat. §§ 454.1003.1(1) and 454.1005.4—are unlawful and violate Plaintiffs' and Class Members' rights under the Constitution and laws of the United States;

c.  An order and judgment . . . permanently enjoining Defendants, their subordinates, agents, employees, representatives, and all others acting or purporting to act in concert with them or on their behalf from issuing or processing orders of driver's license suspensions for unpaid child support arrears against Plaintiffs and Class Members until such time as the State of Missouri implements a system that complies with the United States Constitution;

d.  An order and judgment . . . permanently enjoining Defendants from enforcing any and all Missouri statutes that authorize driver's license suspensions for unpaid child support but do not permit consideration of ability to pay;

---

[4]Although the parties briefed class certification, the district court did not rule on it.

-4-

e.  An order and judgment [] permanently ordering Defendants to reinstate Plaintiffs' and Class Members' driver's licenses (insofar as they are suspended based on unpaid child support arrears);

f.  An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other relief this Court deems proper.

This case has a lengthy procedural history.  In November 2019, Plaintiffs filed a motion for a preliminary injunction.  The district court denied this motion as moot without further explanation.  Shortly after Plaintiffs filed this motion, Defendants filed a motion to dismiss.  They argued that Plaintiffs' complaint should be dismissed pursuant to the Rooker-Feldman[5] doctrine or Younger[6] abstention.  Furthermore, they argued that Plaintiffs failed to state any claims upon which relief could be granted.

The district court granted in part and denied in part Defendants' motion to dismiss.  First, the district court concluded that neither the Rooker-Feldman doctrine nor Younger abstention mandated dismissal of Plaintiffs' complaint.  Regarding the Rooker-Feldman doctrine, the district court held that although the underlying Missouri child support orders might be relevant to Plaintiffs' claims in federal court, their claims "are not inextricably intertwined with the state court order, but rather are independent claims."  The district court further concluded that Younger abstention was not warranted as there is no ongoing state proceeding and Plaintiffs have not had an adequate opportunity to raise their constitutional claims before the Missouri courts, nor will they in the future.  Although it observed that Missouri has a strong interest in ordering and enforcing child support obligations, it concluded that this factor alone was insufficient to warrant abstention. Regarding Defendants' arguments as to the merits of Plaintiffs' claims, it held that Plaintiffs alleged

---

[5]See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

[6]See Younger v. Harris, 401 U.S. 37 (1971).

-5-

sufficient facts to state a Due Process Clause claim.  However, it concluded that Plaintiffs did not allege sufficient facts to state claims based upon the Equal Protection Clause and the fundamental right to travel.  It also dismissed Plaintiffs' claims against Governor Parsons.  Accordingly, following this order, Plaintiffs' only surviving claim was that Defendants violated their Fourteenth Amendment procedural due process rights.

In April 2024, Plaintiffs filed an interim motion for a preliminary injunction, which the district court denied.  It found that none of the Plaintiffs alleged an injury because Mancini's driver's license suspension had been fully lifted and Bedford's and Gildehaus's stayed.  As such, the district court concluded that Plaintiffs lacked standing.  Based on this conclusion, the district court sua sponte dismissed the entire case for lack of subject matter jurisdiction.

Although Plaintiffs originally appealed the denial of their interim motion for a preliminary injunction, they concede that this motion is moot.  Indeed, Plaintiffs stipulated in their motion that all requested relief would expire as soon as FSD adopted and implemented regulations pursuant to Missouri's 2023 amendment. Such regulations have been adopted and implemented.  See Mo. Code Regs. Ann. tit. 13, § 40-100.020(6) (2024).  Accordingly, on appeal, Plaintiffs challenge only the district court's sua sponte dismissal of the complaint for lack of subject matter jurisdiction.

II.

Plaintiffs argue that the district court erred in concluding that they lack standing.  Regarding Bedford and Gildehaus, Plaintiffs assert that the temporary stays on their driver's license suspensions are causing them ongoing harm. Regarding Mancini, Plaintiffs maintain that although her suspension has been fully terminated, her claims are justiciable under multiple exceptions to mootness, including the capable of repetition yet evading review doctrine, the inherently transitionary doctrine, and the voluntary cessation doctrine.  In ruling on Plaintiffs'

-6-

interim motion for a preliminary injunction, the district court concluded that Plaintiffs lacked standing and dismissed the entire case for lack of subject matter jurisdiction. Although Plaintiffs no longer request a preliminary injunction, they seek other forms of relief. "We review *de novo* the district court's dismissal for lack of subject matter jurisdiction." A.M.L. by & through Losie v. United States, 61 F.4th 561, 563 (8th Cir. 2023).

Standing and mootness originate from Article III's case or controversy requirement. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). These doctrines, while related, require separate inquiries. "The 'irreducible constitutional minimum of standing requires a showing of injury in fact to the plaintiff that is fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision.'" Avritt v. Reliastar Life Ins. Co., 615 F.3d 1023, 1034 (8th Cir. 2010) (citation omitted). "A putative class action can proceed as long as one named plaintiff has standing." In re SuperValu, Inc., 870 F.3d 763, 768 (8th Cir. 2017). "Mootness . . . [is] 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (citation omitted). These requirements "appl[y] with equal force to actions for declaratory judgment." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993).

None of the relief requested in the complaint is available. First, Plaintiffs lack standing to seek declaratory relief that Defendants violated their rights under the Due Process Clause of the Fourteenth Amendment.[7] To establish standing for declaratory relief, Plaintiffs must show that they are "suffering an ongoing injury or fac[ing] an immediate threat of injury." Frost v. Sioux City, 920 F.3d 1158, 1162 (8th Cir. 2019). Bedford and Gildehaus contend that their stayed driver's license suspensions have resulted in an ongoing injury as they have experienced barriers to

---

[7]The district court dismissed Plaintiffs' claims regarding the Equal Protection Clause and the fundamental right to travel, so their only remaining constitutional claim is regarding the Due Process Clause.

-7-

employment, increased insurance rates and denial of coverage, additional financial costs, increased criminal liability, psychological, emotional, and reputational harm, constant threats to their mobility, livelihood and security, and practical barriers to everyday activities.  And although Mancini's license suspension has been fully lifted, Plaintiffs assert that multiple exceptions to mootness apply.

As a preliminary matter, when Plaintiffs filed their initial complaint in March 2019 and their amended complaint in August 2019, it does not appear that any of the Plaintiffs had an active stay on their driver's license suspensions.  Now, Bedford's and Gildehaus's suspensions have been stayed, and Mancini's has been fully lifted.  Although the complaint focused on the harms associated with driver's license suspensions, on appeal, the issue presented is whether the *stays* on Plaintiffs' license suspensions are cognizable injuries.

Bedford's and Gildehaus's alleged injuries are merely conclusory "*possible or potential* injur[ies]," which cannot establish standing.  Zanders v. Swanson, 573 F.3d 591, 594 (8th Cir. 2009); see also Ark. Right to Life State Pol. Action Comm. v. Butler, 146 F.3d 558, 560 (8th Cir. 1998) ("Vague and conclusory allegations of harm are insufficient to create standing.").  Although Plaintiffs note that Missouri insurers have the right to cancel insurance or raise rates if a driver has a suspension (and there are no carve-outs for stayed suspensions), Plaintiffs do not argue that their insurance rates have increased or that they have been denied coverage.  Moreover, Plaintiffs argue that stayed suspensions result in numerous practical barriers to everyday life, including limiting their access to loans, credit, and housing, and increasing their exposure to criminal liability.  But again, they do not allege that they have experienced any of these harms.  Similarly, their argument that a stayed suspension is a "sword of Damocles" is not supported by any concrete or particularized allegations of actual injury—it is again a reference to the possibility of future injury.

Additionally, Gildehaus alleges that his license suspension has caused him emotional harm.  However, the only evidence he offered was his own declaration

-8-

that the "stress of barely scraping by and barely being able to provide for his family has caused [him] to experience depression."  He provided no medical documentation of these conditions, nor did he connect them to his driver's license suspension or the stay that he received.  Accordingly, his subjective reports are insufficient for this to be deemed a concrete injury.  See Hekel v. Hunter Warfield, Inc., 118 F.4th 938, 943 (8th Cir. 2024) (explaining that "even if emotional injuries counted" for Article III standing, the plaintiff's "'naked assertion[s]' of emotional harm, 'devoid of further factual enhancement'" are insufficient (alteration in original) (citation omitted)).  Bedford made no allegations regarding emotional harm.

Finally, Gildehaus contends that he could not renew his Commercial Driver's License because his driver's license was suspended.  Moreover, he alleges that he was told by two employers that he was not eligible for employment because the driver's license suspension on his record disqualified him—notwithstanding the stay he received.  This is likely enough to satisfy the injury requirement.  See Rinne v. Camden Cnty., 65 F.4th 378, 386 (8th Cir. 2023) (holding that "[p]ast exposure to illegal conduct" can "show a present case or controversy" if accompanied by "continuing, present adverse effects" (citation omitted)).

However, Plaintiffs fail to demonstrate how their proposed relief would redress this injury—or any of their alleged injuries for that matter.  See Pharm. Rsch. & Mfrs. of Am., 64 F.4th at 940 ("[A] plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself." (alteration in original) (citation omitted)).  Indeed, Plaintiffs do not explain how a declaration that FSD violated their due process rights would alleviate Gildehaus's employment-related harm.  See Frost, 920 F.3d at 1162 (8th Cir. 2019) (holding that a plaintiff lacked standing when she failed to show how her requested relief would redress her alleged harm).  Accordingly, Plaintiffs failed to establish standing for their claim seeking a declaratory judgment that Defendants violated their Fourteenth Amendment due process rights.

-9-

Mancini's license suspension has been fully lifted; nonetheless, Plaintiffs argue that her claim for declaratory relief remains justiciable under the exceptions to mootness.  However, even if we assume that Mancini suffered an injury, she has the same redressability problem as Gildehaus.  The exceptions to mootness preserve the injury requirement of standing; they cannot cure a lack of redressability.  See Consumer Data Indus. Ass'n v. Texas through Paxton, No. 21-51038, 2023 WL 4744918, at *3 n.6 (5th Cir. July 25, 2023) ("The mootness doctrine, in contrast, considers whether the present or threatened injury required for standing *continues* to exist." (citing Friends of the Earth, Inc. v. Laidlaw, 528 U.S. 167, 189-94 (2000))); see also Sisney v. Kaemingk, 15 F.4th 1181, 1194 (8th Cir. 2021) (explaining that "the difference between standing and mootness doctrines is merely one of 'time frame'" (citation omitted)).  Accordingly, Mancini also lacks standing to maintain her claim for declaratory relief.

Secondly, Plaintiffs' claims seeking declaratory and injunctive relief regarding Missouri's prior statutory scheme are moot.  Plaintiffs request a declaratory judgment that the Missouri statutory provisions that do not consider the ability to pay before revoking an individual's driver's license are unlawful.  Additionally, they seek injunctive relief prohibiting Defendants from issuing or processing orders of driver's license suspensions for unpaid child support arrears until Missouri implements a system for suspending driver's licenses that considers an obligor's ability to pay.  The Missouri legislature has amended the relevant statutory provision to require consideration of an obligor's ability to pay before revoking a driver's license, and it has adopted regulations implementing this new scheme.  See Mo. Rev. Stat. § 454.1005.4 (2023); see Mo. Code Regs. Ann. tit. 13, § 40-100.020(6) (2024).  "When a law has been amended or repealed, actions seeking declaratory or injunctive relief for earlier versions are generally moot." Teague v. Cooper, 720 F.3d 973, 976 (8th Cir. 2013) (citation omitted).  Therefore, Plaintiffs' requests for declaratory and injunctive relief regarding the prior statutory scheme are moot.  See id. ("[W]e will dismiss as moot a case in which 'changed circumstances [have] already provide[d] the requested relief and eliminate[d] the need for court action.'" (second, third, and fourth alteration in original)).

-10-

Finally, Plaintiffs requested an order requiring Defendants to reinstate their drivers' licenses.  The district court previously ruled that it did not have the power to grant this request.  Plaintiffs do not challenge this ruling on appeal.

As none of the requested relief in the complaint is available, the district court did not err in dismissing the complaint for lack of subject matter jurisdiction. Because Plaintiffs lack standing, we need not address the Defendants' arguments regarding the applicability of the <u>Rooker-Feldman</u> doctrine or <u>Younger</u> abstention.

### III.

For the foregoing reasons, we affirm the judgment of the district court as to its dismissal of Plaintiffs' complaint for lack of subject matter jurisdiction.  We dismiss Plaintiffs' appeal of the district court's order denying their interim motion for a preliminary injunction.

_____

-11-